

**SO ORDERED.**

**SIGNED this 15th day of August, 2018.**

_____
Robert E. Nugent
United States Bankruptcy Judge

_____

**DESIGNATED FOR ONLINE PUBLICATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: | |
| **TERRY DEAN WHITESIDE** | **Case No. 18-10002** |
| Debtor. | **Chapter 7** |
| IN RE: | |
| **TERRY DEAN WHITESIDE** | |
| Plaintiff, | |
| vs. | **Adv. No. 18-5037** |
| **NAVIENT–DEPARTMENT OF EDUCATION,** | |
| Defendant. | |

**ORDER ON NAVIENT SOLUTIONS, LLC'S MOTION TO DISMISS (Doc. 8),**
**DEPARTMENT OF EDUCATION'S MOTION TO SET ASIDE CLERK'S**
**ENTRY OF DEFAULT (Doc. 20) and PLAINTIFF'S**
**MOTION FOR DEFAULT JUDGMENT (Doc. 23)**

1

After Navient Solutions LLC filed this motion to dismiss and plaintiff Terry Whiteside failed to respond, I reviewed the motion and other matters in this proceeding. Though Whiteside requested summonses for both "Navient-Department of Education" and the United States Department of Education, he failed to mail them to the recipients designated in the service of process rules and service failed.[1] As a result, I find that the Court lacks personal jurisdiction over either defendant and, if that defect is not remedied as described in this Order, the adversary proceeding will be dismissed under Fed. R. Civ. P. 12(b)(2) and (b)(5).[2]

Facts

On March 23, 2018, acting without an attorney, debtor Terry Dean Whiteside filed a complaint seeking a hardship discharge of his student loans under 11 U.S.C. § 523(a)(8).[3] He named as "Defendant" "Navient—Department of Education." Whiteside then requested and mailed a summons for "Navient—Department of Education," and filed a proof of service on March 30, 2018.[4] According to that, he served the summons on March 28 by first-class mail on "Navient—Department of Education" at a post office box in Wilkes-Barre, Pennsylvania, but did not address it to a managing agent, officer, or another person authorized to accept service per Fed. R. Bankr. P. 7004(b)(3).[5] Navient Solutions LLC filed this motion to dismiss on

---

[1] *See* Fed. R. Bankr. P. 7004(b)(3) and 7004(b)(4)**,** *See also* D. Kan. LBR 7004.1(a) and 2002.2(c).2.

[2] These rules apply to adversary proceedings in bankruptcy under Fed. R. Bankr. P. 7012(b).

[3] Adv. Doc. 1.

[4] Adv. Doc. 5, 7.

[5] In addition, the plaintiff attached a Certified Mail Receipt showing that the summons was actually sent certified mail on March 28, not first class mail. *See* Adv. Doc. 7.

April 25, supported by a proper affidavit, for lack of a proper party defendant noting in part that "Navient" is not a legal entity and that Navient Solutions LLC lacks authority to litigate dischargeability of student loans.[6] Rather, Navient Solutions is the servicer on Whiteside's student loan owed to the creditor Department of Education. Navient Solutions is owed no debt by plaintiff and is not the real party in interest.

Mr. Whiteside then requested and served two summonses on May 11 by certified mail on the "US Department of Education," addressing one to a post office box in Greenville, Texas, and the other to a street address on Maryland Avenue, SW in Washington, D.C.[7] Neither was addressed to the civil process clerk for the United States Attorney's office in the District of Kansas and the United States Attorney General as provided by Fed. R. Bankr. P. 7004(b)(4). On July 3, he requested and was granted a Clerk's Entry of Default against the United States.[8] On July 26, he filed a motion for default judgment against the United States.[9] The Government has moved to set aside the clerk's default and objected to the motion for default judgment and those matters are set for hearing on September 13, 2018 at 9:00 a.m.[10]

---

[6] Adv.Doc. 8.

[7] Adv. Docs. 15 and 16. Those summonses were issued on May 9 making the DOE's answer due in 35 days, June 13. Attached to those executed summonses was a Certified Mail Receipt showing they were mailed on May 11 and addressed to the "US DOE."

[8] Adv. Doc. 17, 18. Whiteside's request for Clerk's Entry of Default against the DOE attached tracking information on the certified mailings that showed their delivery on May 15.

[9] Adv. Doc. 23.

[10] Adv. Doc. 20, 24.

3

In Navient Solutions' motion to dismiss, it alleges that it is merely a servicer for the United States, having no privity with Whiteside nor a direct claim against him. It also asks that "Navient" be dismissed as a party defendant under Fed. R. Civ. P. 21 and Fed. R. Bankr. P. 7021 because it is not a legal entity and neither it nor any other Navient related entities are real parties in interest in the dischargeability complaint. Its motion is supported by a declaration of a Navient employee. Navient Solutions LLC filed claim no. 4 on behalf of the creditor Department of Education in Whiteside's chapter 7 case and identified itself as the proper entity to which creditor notices and payments should be sent.[11]

<u>Conclusions of Law</u>

Our local rules permit me to consider Navient Solutions' motion in the absence of a response.[12] Whiteside's failure to respond allows the Court to treat the motion as an uncontested motion and grant it. I do so here for three reasons. "Navient-Department of Education" or "Navient" is not properly named a party defendant. Service of process on any "Navient" entity as party defendant is insufficient because Whiteside failed to address the summons to the attention of an agent or officer of a Navient entity under Rule 7004(b)(3). Simply mailing a summons to a post office box does not suffice. Thus, no Navient entity has been adequately served and the Court lacks personal jurisdiction over any Navient entity. Finally, after receiving Navient Solutions' motion to dismiss, Whiteside did

---

[11] Claim no. 4-1, Case No. 18-10002. The address to which *notices* to the creditor are to be sent, Navient Solutions, LLC on behalf of Department of Education Loan Services, P.O. Box 9635, Wilkes-Barre, PA 18773-9635 appears to be the address where the Navient *summons* was mailed.
[12] D. Kan. Rule 7.4

**4**

not respond and instead attempted to serve the summons and complaint on the U.S. Department of Education. That course of conduct suggests and gives the Court some comfort that Whiteside understood he named the incorrect party and was attempting to correctly name and serve the Department of Education as Navient Solutions argued in its motion. "Navient" or "Navient-Department of Education" is therefore dismissed as a party defendant and the case caption shall be amended to reflect the named defendant as the "United States Department of Education." Because Mr. Whiteside is proceeding *pro se,* the dismissal of Navient is without prejudice to this extent; if Whiteside has a factual and legal basis for naming a party defendant other than the Department of Education as the creditor or owner of the loan under which he is liable, he may amend his complaint by adding such a party defendant, properly serving the defendant, and filing proof of service by August 31, 2018. Failing that, Mr. Whiteside's dischargeability complaint will proceed solely against the Department of Education.

The Court also addresses service of process on the Department of Education before this proceeding advances further. Fundamental to a court's jurisdiction to enter default judgment is knowing that the plaintiff has made reasonable efforts to make the defendants aware of the lawsuit filed against them. The efforts must be made in a way that is reasonably calculated to give them notice.[13] Following the governing procedural rules is critical to giving that notice. Having now reviewed the

---

[13] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 658 (1950).

entire docket in this adversary proceeding, I conclude that service of process on the Department of Education is also defective.

Service on a department of the United States is accomplished by mailing a copy of the summons and complaint addressed to the civil process clerk of the United States Attorney in the district where the action is brought (District of Kansas) with a copy to the United States Attorney General in Washington, D.C.[14] Mr. Whiteside's certified mail service is not sufficient and the Clerk's Entry of Default (Adv. Doc. 18) should be and is hereby set aside for insufficient service of process.[15] Mr. Whiteside's pending motion for default judgment (Adv. Doc. 23) is also summarily denied as premature and for lack of personal jurisdiction over the Department of Education.

Fed. R. Civ. P. 4(m) provides that if a party has not served a party within 90 days of the filing of the complaint, the judge "must dismiss the action without prejudice … or order that service be made within specified time." This rule applies in adversary proceedings.[16] This proceeding was filed on March 23, 2018 and more than 90 days have passed without sufficient service being made on either defendant. Thus, the failed service efforts and Mr. Whiteside's failure to respond to Navient Solutions' motion would justify my dismissing this complaint out of hand.

---

[14] Fed. R. Bankr. P. 7004(b)(4).
[15] The U.S. Department of Educations' motion to set aside the Clerk's entry of default, Adv. Doc. 20, is granted.
[16] Fed. R. Bankr. P. 7004(a)(1).

6

But, the Court also has discretion to allow him one more opportunity to make good service on the Department of Education "within a specified time."[17]

I therefore direct that Mr. Whiteside make legally sufficient service on the U.S. Department of Education under Fed. R. Bankr. P. 7004(b)(4) and D. Kan. LBR 7004.1(a) *and* file proof of service before August 31, 2018. If he fails to do so, the complaint will be dismissed without further notice.

### # # #

---

[17] *See* Fed. R. Civ. P. 4(m).